MARC J. WINTHROP -- State Bar No. 63218
mwinthrop@winthropcouchot.com
GARRICK A. HOLLANDER -- State Bar No. 166316
ghollander@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Ste 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

General Insolvency Counsel
for Debtor and Debtor-in-Possession

FILED & ENTERED

JUL 02 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano    DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>THE ACTIVE WALLACE GROUP, a California corporation,<br><br>Debtor. | **Case No. 6:09-bk-15370 RN**<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION FOR ORDER (1) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363; AND (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS**[1]<br><br>DATE:     June 30, 2009<br>TIME:     10:00 a.m.<br>PLACE:   Courtroom 1645 |

The Active Wallace Group, dba Active Ride Shops, debtor and debtor in possession in this chapter 11 case ("Debtor") having filed the Debtor's Motion for Order (1) Approving the Sale of Substantially All of the Assets of the Estate Free and Clear of Liens, Claims, and

---
[1] Capitalized terms not defined in this Order shall have the same meaning attributed thereto in the Asset Purchase Agreement attached hereto as Exhibit "1" or Motion.

Interests Pursuant to 11 U.S.C. § 363; and (2) Authorizing the Assumption and Assignment of Certain Unexpired Leases and Executory Contracts (the "Motion"); pursuant to the Motion, Debtor having sought the authority of this Court to (x) sell substantially all of the assets (the "Assets") of the bankruptcy estate of Debtor (the "Sale") and (y) assume and assign various executory contracts and unexpired leases (the "Assumed Contracts"); notice of the Motion, the relief requested thereby, and the hearing thereon (the "Hearing") having been transmitted to creditors, equity security holders, prospective purchasers and other parties in interest, including counterparties to the Assumed Contracts; Debtor having filed the Results of Auction for Sale of Substantially All of the Assets of the Estate and Provision for Financial Information (the "Results"); certain counterparties to the Assumed Contracts having filed objections to the proposed assumption and assignment (the "Landlord Objections"); the Official Committee of Unsecured Creditors (the "Committee") having filed a Limited Opposition to the Motion; Nine Star Corporation ("Nine Star") having filed Comments in respect of the Motion (the "Nine Star Comments"); Debtor having filed an Omnibus Reply to the Landlord Objections and the Nine Star Comments; based thereon and all prior proceedings, pleadings and orders occurring and entered in this chapter 11 case, the Hearing was held on the 30th day of June, 2009, at the hour of 10:00 a.m., before the undersigned Bankruptcy Judge, in his Courtroom 1645, Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012, at which Debtor appeared by Marc Winthrop, Esq. and Garrick A. Hollander, Esq. of Winthrop Couchot Professional Corporation, and other appearances were made as noted on the record.

At the Hearing, Debtor sought authority to consummate the Sale and the assumption and assignment of the Assumed Contracts to Active Sports Lifestyle USA LLC ("Lifestyle USA"), pursuant to an Asset Purchase Agreement, substantially in the form of Exhibit 1 hereto (the "APA").  At the Hearing, Meleen and Company ("Meleen") and Nine Star each propounded oral, but not written, proposals to (x) purchase some or all of the Assets, and (y) acquire by assumption and assignment some or all of the Assumed Contracts (respectively, the "Meleen Proposal" and the "Nine Star Proposal").  To determine whether the request of Debtor to

consummate the Sale and the assumption and assignment of the Assumed Contracts to Lifestyle USA was in the best interests of the bankruptcy estate of Debtor and consistent with the Motion, over the objection of Lifestyle USA, the Court permitted the presentation of the Meleen Proposal and the Nine Star Proposal to the Court and the consideration thereof by Debtor, the Committee, and other parties in interest.

Therefore, in making and entering this Order, the Court having considered the record and pleadings in this chapter 11 case, including that certain Order (1) Approving Overbid Procedures in Connection with Proposed sale of Substantially All Assets of the Estate, and (2) Setting Hearing on Motion for Sale of Substantially All Assets of the Estate, entered June 11, 2009 (the "<u>Bidding Procedures Order</u>"), and having considered (1) the Motion, the Declaration of John Wallace, and other matters and evidence filed in support of the Motion, including the Results, (2) the Landlord Objections, (3) the Limited Opposition of the Committee; (4) the Nine Star Comments, (5) the Debtor's Omnibus Reply, (6) the Meleen Proposal and matters proffered in support thereof, and (7) the Nine Star Proposal and matters proffered in support thereof, and the Court having heard the representations, arguments and stipulations of counsel, and good cause appearing therefor

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B.    Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(M), (N), and (O).

D.    The statutory predicates for the relief requested herein are 11 U.S.C. §§ 363 and 365 and Rules 2002, 6004, 6006, and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

E.    Proper, timely, adequate and sufficient notice of the Motion, the Bidding Procedures Order, the Hearing and the proposed Sale has been provided in accordance with 11 U.S.C. §§ 102(1), 363, and 365 and Rules 2002, 6004, 6006, 9006, and 9008 of the Bankruptcy Rules, and no other or further notice of the Motion, the Hearing or the Sale is required or necessary under the circumstances.

F.    The procedures set forth in the Bidding Procedures Order afforded a full, fair and reasonable opportunity for any entity to make a higher and better offer to purchase the Assets and to acquire the Assumed Contracts by assumption and assignment thereof.

G.    Pursuant to the Bidding Procedures Order, Debtor conducted a live auction on June 16, 2009, commencing at 10:00 a.m., at the offices of Winthrop Couchot Professional Corporation (the "<u>Auction</u>"), for the Assets in accordance with the terms of the Motion.

H.    Prospective bidders who had attended the Auction included:  (i) Zumiez, Inc.; (ii) <u>Lifestyle USA</u>; (iii) Nine Star; (iv) Surf Associates, Inc.; and (v) Meleen.

I.    Debtor has complied with the Bidding Procedures Order.

J.    After the conclusion of the bidding, and consultation with Merrill Lynch Commercial Finance Corporation (including its successors and assigns, collectively, "<u>Merrill</u>") and the Committee, the Debtor determined that the highest and best offer received was from Lifestyle USA, consisting of the following purchase price (the "<u>Purchase Price</u>"):

|  |  |
|---|---|
| Cash | $1.0 million |
| Assumption of Merrill Secured Debt, | Approx. |
| including interest, attorney's fees | $4.2 million |
| (capped at $250,000), and costs | |
| **TOTAL:** | $5.2 million |

K. It was clarified at the Hearing, that, as part of its offer, while Lifestyle USA has agreed to assume the actual debt owing by the Debtor to Merrill as of the Closing Date to the extent that the Secured Debt to be assumed by Lifestyle USA is less than $4.2 million, the cash portion of the Purchase Price would be increased by such amount. By way of illustration, if the assumed Secured Debt is $4.0 million, the cash portion of the Purchase Price would be $1.2 million.

L. The Court determines that Lifestyle USA has provided the highest, best and most certain offer for the Assets and is the successful bidder for the Assets, and the Purchase Price resulting from the Auction constitutes fair and reasonably equivalent value for the Assets.

M. The Debtor has exercised sound and proper business judgment in determining to sell the Assets to Lifestyle USA.

N. The Debtor has full power and authority to execute, deliver and perform the APA and all other documents necessary and appropriate to effect the Sale approved by this Order, and to perform the transactions contemplated thereby; no other consents or approvals, other than those expressly provided for in the Motion and herein, are required for the Debtor to consummate the Sale to Lifestyle USA.

O. Debtor has good and marketable title to the Assets, and, accordingly, the transfer of the Assets to Lifestyle USA pursuant to the APA and 11 U.S.C. §§ 363 and 365 shall be a legal, valid and effective transfer of the Assets and legal title thereto.

P.  The transfers of the Assets, and the assignment to Lifestyle USA of the Assumed Contracts, as set forth in the APA (i) are or will be legal, valid and effective transfers of property of the bankruptcy estate of Debtor, and (b) vest or will vest in Lifestyle USA all right, title and interest of Debtor in and to all of the Assets, free and clear of all liens, claims, encumbrances, adverse interest, liabilities and obligations, except as set forth in the APA or herein.

Q.  Subject to the execution and delivery of (i) a Credit Agreement among Lifestyle USA, Issa F. Ladha and Merrill, and (ii) all other documents executed and delivered pursuant thereto or in connection therewith (collectively, the "Merrill Documents"), Merrill, as a secured creditor, has consented to the Sale, and other holders of any liens and encumbrances, if any, in the Assets have either consented to the Sale, the Purchase Price exceeds the amounts of such interests, liens, or there is a bona fide dispute with respect to such liens or interests.

R.  All of the actions taken by the Debtor and Lifestyle USA, and their respective officers, directors, employees, counsel, financial advisors and other professionals in connection with the negotiation, execution, delivery, and consummation of the Sale, and the transactions contemplated therein, have been conducted at arm's length and have been in good faith, and Lifestyle USA is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, because, among other reasons.

1.  Lifestyle USA is not an "insider" or "affiliate" of the Debtor, as those terms are defined in the Bankruptcy Code;

2.  Lifestyle USA is unrelated to the Debtor;

3.  The APA was negotiated, proposed and entered into by the Debtor and Lifestyle USA without collusion, in good faith, and from arm's length bargaining positions;

4.  The Purchase Price was not controlled by an agreement between potential or actual bidders within the meaning of section 363(n) of the Bankruptcy Code; and

5. Neither the Debtor nor Lifestyle USA has engaged in any conduct contemplated by the APA to be avoided as contemplated by section 363(n) of the Bankruptcy Code.

S. In the absence of a stay pending appeal, Lifestyle USA will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing and consummating the Sale at any time after the entry of this Order, and, accordingly, such closing and consummation in the face of an appeal will not deprive Lifestyle USA of its status as a good faith purchaser.

T. Time is of the essence in consummating the Sale, and Lifestyle USA intends to close and consummate the Sale after the closing of the transactions contemplated in the Merrill Documents in accordance with the APA as soon as possible, notwithstanding that this Order has not become a final order, and, therefore, any party objecting to this Order must exercise due diligence in filing an appeal and obtaining a stay pending such appeal or risk that such appeal will be foreclosed as moot.

U. Debtor has satisfactorily provided, pursuant to 11 U.S.C. § 365(b)(1), sufficient evidence of its ability and willingness to promptly cure its defaults under the Assumed Contracts, which Assumed Contracts are set forth on Exhibit "2" attached hereto.

V. Lifestyle USA has satisfactorily provided to the counterparties to Assumed Contracts, pursuant to 11 U.S.C. § 365(f)(2)(B), sufficient evidence of its ability and willingness to provide adequate assurance of future performance with respect to all of the Assumed Contracts, and, in certain instances, has entered into, or will enter into, side letter agreements confirming such arrangements for adequate assurance of future performance, and based thereon, objections of such counterparties to the proposed assumption and assignment of such assumed Contracts were resolved or withdrawn, subject to Paragraph 15 below.

W. Notwithstanding Paragraph V hereof, a dispute with the landlord of Debtor's premises at the Riverside Plaza shopping complex (the "<u>Riverside Store</u>").with respect to the issue of adequate assurance of future performance has not been resolved.

X.     Good cause exists to grant all relief provided herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is granted in all respects except as provided herein.

2.     Save and except the objections of the landlord of Riverside Store, the Landlord Objections not otherwise withdrawn, resolved by agreement between the proponent of a Landlord Objection and Lifestyle USA or the Debtor, or still pending by virtue of Debtor's dispute (the procedures for which are described in paragraph 14 of this Order) as to Cure Amount (as defined herein) are overruled.

3.     The Nine Star Comments, to the extent that they constitute an objection or opposition to the Motion or the entry of this Order, are overruled.

4.     The Nine Star Comments, to the extent that they constitute an alternative bid for the Assets, is rejected.

5.     The Nine Star Proposal, to the extent that it constitutes an alternative bid for the Assets, not approved.

6.     The Meleen Proposal, to the extent that it constitutes an alternative bid for the Assets, not approved.

7.     The Debtor is authorized to sell the Assets to Lifestyle USA, as the bidder with the highest, best and most certain bid at the Auction, in an amount equal to the Purchase Price, and on the terms set forth in this Order and the APA.

8.     The Debtor is authorized to sell the Assets to Lifestyle USA, and the Sale shall be, pursuant to 11 U.S.C. § 363(f), free and clear of all liens and encumbrances, <u>if</u> <u>any</u>, except

the lien and encumbrances held by Merrill, with such other liens and encumbrances, if any, to attach to the net sales proceeds in the preexisting order of priority.

9. The Debtor and Lifestyle USA are each entitled to the protections afforded by 11 U.S.C. §363(m) with respect to the Sale and all transactions approved in this Order.

10. The Sale may not be avoided pursuant to 11 U.S.C. §363(n) or otherwise.

11. At the Closing (which, notwithstanding anything to the contrary contained in the APA shall not take place until the closing of the transactions contemplated in the Merrill Documents), , Debtor is authorized and directed to sell, assign, transfer, convey and deliver all of the Debtor's right, title and interest in, to and under the Assets to Lifestyle USA.

12. Debtor is authorized and directed to execute and deliver, and empowered to fully perform under, consummate and implement, this Order, the APA, and all documents required by the APA to be delivered at the Closing or thereafter.

13. Pursuant to 11 U.S.C. § 365, Debtor is authorized to assume and assign the Assumed Contracts to Lifestyle USA except that the assumption and assignment of the Riverside Plaza lease shall be subject of a separate order following agreement by the landlord, the Debtor, and Lifestyle USA or order of this Court.

14. Not later than three (3) business days after Closing, Debtor shall pay to the counterparties to the Assumed Contracts the undisputed amounts necessary to cure its defaults thereunder, including any pro rated pre-closing portion of July rent (the "Cure Amounts"); provided that: (i) no payment of the Cure Amount asserted by the landlord of the Riverside Store will be paid until the dispute with respect to the issue of adequate assurance with the landlord of Debtor's premises at the Riverside Store is resolved such that it is conclusively determined that the lease of the Riverside Store can and will be assumed and assigned to Lifestyle USA; and (ii) if there is a bona fide dispute as to the amount of any Cure Amount, Debtor shall pay the undisputed portion of the Cure Amount, and a hearing will be held before this Court on August 12, 2009, at 2:00 p.m., for the determination of any remaining disputes with respect to Cure Amounts. The Debtor shall file with the Court and serve on landlords and counterparties to the Assumed Contracts no later than July 19, 2009, a Revised Schedule of

Cure Amounts that have been paid, including a summary of any remaining disputed Cure Amounts, if any. If the Revised Schedule of Cure Amounts reflects amounts less than those asserted in the Landlord Objections, then the landlords and counterparties to the Assumed Contracts have until July 29, 2009, to file an opposition to such revised schedule, in which case the Debtor has until August 5, 2009 to file a reply.

15.    At the hearing to be held on August 12, 2009, the Court will also consider the status of the execution and delivery of side letter agreements and other documentation confirming the arrangements between Lifestyle USA and the counterparties to Assumed Contracts regarding adequate assurance of future performance.

16.    Notwithstanding section 365(k) of the Bankruptcy Code, a landlord under an Assumed Contract may seek recovery and defense from occurrence-based insurance policies maintained by Debtor, or that Lifestyle USA continues to maintain, under the indemnification provisions of those leases that are among the assumed Contracts, with respect to third party claims arising from or related to events and occurrences prior to Closing that arise or are asserted after the Closing. Notwithstanding the foregoing, such landlord indemnification claims against Debtor and the bankruptcy estate of Debtor shall be limited to the proceeds of Debtor's insurance coverage.

17.    Notwithstanding Section 1.3(a) of the APA, Lifestyle USA shall assume, and be exclusively liable for, all accrued and unbilled liabilities and obligations under the Assumed Contracts, including periodic reconciliations of common area and tax expenses (and the benefit of any credits, if any) even though a portion of those liabilities and obligations may arise from or relate to periods prior to Closing.

18.    Persons and entities, other than Merrill, holding liens and encumbrances with respect to the Assets are hereby barred from asserting any such liens and encumbrances against Lifestyle USA, or any of its successors or assigns, or the Assets.

19.    To the extent not then resolved by agreement, an evidentiary hearing will be held before this Court on July 17, 2009, commencing at 9:30 a.m., with respect to the dispute concerning adequate assurance of future performance by Lifestyle USA of the lease of the

Riverside Store and any cure claim dispute that may exist with respect to the Riverside Store lease. All pleadings, including declarations and other evidence in support of adequate assurance of future performance and any dispute as to cure claim with respect to the Riverside Store lease shall be filed and served on parties in interest by July 6, 2009. Any response papers shall be filed and served on parties in interest by 12:00 p.m. DST on July 10, 2009.

20. If the Court determines that there is not adequate assurance of future performance for the Riverside Store lease or any other lease for which a landlord has objected to adequate assurance of future performance, then the applicable lease shall be deemed immediately rejected as of the date of such determination by the Court, in which case the landlord of the applicable lease shall be allowed an administrative claim for the pro rata share of July and any additional period that the premises for such lease is occupied by Debtor or Lifestyle USA that is not paid by Lifestyle USA. Lifestyle USA is responsible and shall pay directly to the landlord for the applicable store for that portion of the rent that accrues from the date of Closing and thereafter until it vacates such store. With respect to rejected leases, all rent accruing prior to the Closing shall be the responsibility of the Debtor's estate and shall be allowed as an administrative expense based on the pro rata number of days occupied by the Debtor prior to Closing, if any.

21. At Closing, until further Order of this Court, Lifestyle USA is authorized, at it sole cost and expense, and for its sole benefit and profit or loss to take possession of and manage the Riverside Store.

22. The ten (10) day stay of order provided in Rules 6004(h) and 6006(d) of the Bankruptcy Rules is hereby waived.

23. This Court retains jurisdiction to (i) enforce and implement the terms and provisions of the APA, (ii) resolve any disputes arising under or related to the APA (iii) resolve any disputes relating to the Cure Amounts and adequate assurance of future performance regarding the lease of the Riverside Store; and (iv) interpret, implement and enforce the provisions of this Order.

1  24. Nothing contained in any plan of reorganization (or liquidation) confirmed in this case or the order of confirmation confirming any plan of reorganization (or liquidation) shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

25. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered confirming any plan of reorganization for the Debtor or converting the Debtor's case from Chapter 11 to a case under Chapter 7 of the Bankruptcy Code.

26. This Order shall be binding in all respects upon, and shall inure to the benefit of, Debtor, its estate and creditors, and Lifestyle USA, and their successors and assigns. Debtor and Lifestyle USA shall be entitled to enforce the terms and provisions of this Order.

27. The status conference in this case is continued to August 12, 2009 at 2:00 p.m. A status report shall be filed by July 29, 2009.

///

///

29. No further notice or Court appearance shall be necessary to effectuate the foregoing.

30. Counsel for the Debtor shall give notice of entry of this Order.

**APPROVED AS TO FORM AND CONTENT:**

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**


By: /s/ Garrick A. Hollander
   Marc J. Winthrop
   Garrick A. Hollander
Attorneys for Debtor and Debtor-in-Possession


**VEDDER PRICE P.C**

By: /s/ Michael M. Eidelman
   Michael M. Eidelman
Attorneys for Merrill Lynch Commercial Finance Corporation


**JEFFER, MANGELS, BUTLER & MARMARO LLP**


By: /s/ Joseph A. Eisenberg.
   Joseph A. Eisenberg P.C.
Attorneys for Active Sports Lifestyle USA; LLC

####

DATED: July 2, 2009

_____
United States Bankruptcy Judge

-13-

Active Sale Order (v6)

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive., 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as **ORDER GRANTING DEBTOR'S MOTION FOR ORDER (1) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363; AND (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 2, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 2, 2009 | Viann Corbin | /s/ *Viann Corbin* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

-14-

Active Sale Order  (v6)

SERVICE VIA E-MAIL

- Raymond G Alvarado    ralvarado@adorno.com
- Bernard D Bollinger    bbollinger@buchalter.com,
- Shiva S Delrahim    sdelrahim@whitecase.com
- Richard T Egger    richard.egger@bbklaw.com
- Joseph A Eisenberg    jae@jmbm.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Brian D Huben    brian.huben@kattenlaw.com, carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Aram Ordubegian    aordubegian@richardsonpatel.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Ivan Gold - igold@allenmatkins.com
- Buyer's counsel – K.diamondpa@gmail.com
- Buyer's counsel – Joseph Eisenberg - jae@jmbm.com
- Paul Arrow - Parrow@buchalter.com
- Michael Eidelman - meidelman@vedderprice.com
-

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the Court that a judgment or order entitled: **ORDER GRANTING DEBTOR'S MOTION FOR ORDER (1) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363; AND (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the Court via NEF and hyperlink to the judgment or order. As of July 2, 2009 the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the e-mail address(es) indicated below:

☒ Service information continued on next page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on next page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or e-mail and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or e-mail address(es) indicated below:

- Ivan Gold - igold@allenmatkins.com
- Buyer's counsel – K.diamondpa@gmail.com
- Buyer's counsel – Joseph Eisenberg - jae@jmbm.com
- Paul Arrow - Parrow@buchalter.com
- Michael Eidelman - meidelman@vedderprice.com

NEF SERVICE LIST:

- Raymond G Alvarado    ralvarado@adorno.com
- George B Blackmar    gblackmar@bpslaw.net
- Bernard D Bollinger    bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com
- Louis J Cisz    lcisz@nixonpeabody.com
- Susan S Davis    sdavis@coxcastle.com
- Shiva S Delrahim    sdelrahim@whitecase.com
- Richard T Egger    richard.egger@bbklaw.com
- Joseph A Eisenberg    jae@jmbm.com
- Andrew A Goodman    agoodman@andyglaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Garrick A Hollander    jmartinez@winthropcouchot.com
- Brian D Huben    brian.huben@kattenlaw.com, carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com
- Robert E Huttenhoff    rhuttenhoff@shbllp.com
- Charles Liu    cliu@winthropcouchot.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Marlene M Moffitt    mmoffitt@allenmatkins.com
- Aram Ordubegian    aordubegian@richardsonpatel.com
- Penelope Parmes    pparmes@rutan.com
- Martha E Romero    Romero@mromerolawfirm.com
- Evan D Smiley    esmiley@wgllp.com
- Ronald M Tucker    rtucker@simon.com, psummers@simon.com;rwoodruff@simon.com;sHclark@simon.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Geraldine A Valdez    caw@procopio.com, gav@procopio.com,sps@procopio.com
- Sanford M Wall    brenda.eiden@kts-law.com
- Marc J Winthrop    pj@winthropcouchot.com

Active Sale Order  (v6)