Thomas J. Leanse, Cal. Bar No. 084638
Brian D. Huben, Cal. Bar No. 134354
Marjorie L. Wilkinson, Cal. Bar No. 260266
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, 26th Floor
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Landlord Creditor
The Westminster Funds

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>THE ACTIVE WALLACE GROUP, a California corporation,<br><br>    Debtor and<br>    Debtor-in-Possession. | CASE NO. 6:09-bk-15370-RN<br><br>Chapter 11<br><br>**DECLARATION OF CAROL SCOTT IN SUPPORT OF RESPONSE OF THE WESTMINSTER FUNDS TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE OFFERED BY ACTIVE SPORTS LIFESTYLE USA, LLC FOR RIVERSIDE PLAZA LEASE**<br><br>Date:    July 17, 2009<br>Time:   9:30 a.m.<br>Place:  Courtroom 1645<br>          255 East Temple Street<br>          Los Angeles, CA 90012 |

I, Carol Scott, declare as follows:

1. I am an adult and General Manager for WL Property Services LLC (the "Westminster Funds"), agent for the landlord of the Riverside Plaza shopping center ("Riverside Plaza"), which is a creditor in the case entitled <u>In re: The Active Wallace Group</u>, and bearing United States Bankruptcy Court (C.D. Cal.) Case No. 09-15370-RN (the "Case"). The following facts are of my own personal knowledge, except those stated upon information and belief, and as to all such facts stated upon information and belief, I am informed and believe that the same are true.

1

DECLARATION OF CAROL SCOTT

31487199.3

1. If called as a witness, I could and would competently testify to the truth of the following facts. This declaration is made pursuant to 28 U.S.C. § 1746 and in support of the Response of The Westminster Funds to Adequate Assurance of Future Performance Offered by Active Sports Lifestyle USA, LLC for Riverside Plaza Lease.

2. In my position as the General Manager, I am familiar with and have custody and control of certain business records for Riverside Plaza, collected and maintained by Westminster Funds, and relating to the tenants of Riverside Plaza, their leases, and their business activities. These records include those kept in the tenant file of The Active Wallace Group (the "Debtor"), such as the lease and any amendments, rent due from and paid by the Debtor, and information received regarding the financial condition of the Debtor. Each document in the Debtor's file was sent, received, or prepared by Westminster Funds, and maintained in the regular course of Westminter's business at or near the time of the event to which each document relates. For such documents prepared by Westminster Funds, each document was prepared by persons charged with a duty to accurately and truthfully prepare such documents.

3. The Debtor occupies approximately 10,000 square feet of retail sales space at Riverside Plaza pursuant to a January 8, 2004 nonresidential real property lease (as it may have been amended, the "Lease").

4. Riverside Plaza shopping center is configured as a central core of retail shops and restaurants surrounded by a common parking area with outlying pad buildings, also consisting of mix of tenants. There are approximately sixty tenants in total currently at Riverside Plaza, including five anchor tenants. Tenants at Riverside Plaza shopping center hold possession of their spaces pursuant to individual leases, which are commonly held by a single landlord, Westminster Funds. Riverside Plaza was purposefully developed as a shopping center. With this goal in mind, Westminster Funds utilizes joint marketing of the shopping center and a common lease template for most tenants. These leases include, among other things, provisions calling for joint participation in the payment of common area maintenance, marketing and other costs, as well as restrictive use provisions. Debtor's Lease is entitled "Shopping Center Lease" and the terms of the Lease specifically define Riverside Plaza as the "Shopping Center."

5. Westminster Fund's tenant file for the Debtor contains financial information received in or around late 2003 and early 2004, including Balance Sheets as of March 31, 2003 and November 30, 2003, as well as Income Statements as of March 31, 2003 and November 30, 2003 (collectively, the "Financial Information"). A true and correct copy of the Financial Information is attached hereto as Exhibit 1. Also in or around late 2003 and early 2004, the Debtor indicated to Westminster Funds that it had been in business since 1991 and was currently operating seven stores as well as a mail order business. Westminster Funds (or its predecessor-in-interest) relied on these representations and the Financial Information when it entered into the Lease with the Debtor.

6. I am informed and believe that on or about July 2, 2009, the Bankruptcy Court entered an order approving the sale of substantially all of the Debtor's assets to Active Sports Lifestyle USA, LLC ("Active Sports").

7. I have also received and reviewed the following documents:

 a. July 6, 2009 Declaration of Issa Ladha;

 b. three page personal financial statement for Issa and Naveen Ladha (as of December 15, 2008) (the "Ladha Financials");

 c. twenty-four month *pro forma* profit and loss statement for Active Sports (including the Riverside Lease) (the "P&L");

 d. twenty-four month *pro forma* profit and loss statement for the retail store which is the subject of the Riverside Lease (the "Four-Wall Analysis"); and,

 e. one page balance sheet for Active Sports as of July 3, 2009 (the "Balance Sheet").

8. The Four-Wall Analysis shows an occupancy cost of 26% of total revenue. By comparison, the P&L shows occupancy costs of 12% of total revenue - - less than half of the occupancy costs for the Riverside Lease.

9. While the Four-Wall Analysis forecasts a net profit of $1 million at the end of the two year projection period, the P&L forecasts losses for Active Sports in 19 of the next 24 months, with a net loss of nearly $2 million at the end of the two year projection period.

10. A comparison of the Balance Sheet with the Financial Information establishes that the financial condition of the Debtor (at the time it entered into the Riverside Lease) and Active Sports are not comparable, and indeed, Active Sports' financial condition is inferior to that of the Debtor at the time the Riverside Lease was signed by the Debtor. Active Sports' Financial Information shows corporate assets of only two-thirds those of the Debtor at the time it entered into the Lease, yet Active Sports is seeking to acquire three times as many stores, all of which appear to be currently operating a lower profit margin than those held by the Debtor at the time it entered into the Lease.

11. As of the date of this declaration, I have not received any information from the Debtor or Active Sports relating to Active Sport's operating performance for a retail store in a shopping center such as Riverside Plaza, or for that matter, any retail operational history or experience.

12. I consider the personal guarantee offered by Mr. Ladha in his declaration to be of little value. As a preliminary matter, Mr. Ladha is a Florida resident, and unless he agrees to be sued in California, may only be subject suit on the guarantee in Florida. Not only is Florida a great distance from California, but it is also my understanding that the laws of Florida will make it difficult for Westminster Funds to collect on this personal guarantee if necessary. Moreover, the personal guarantee is for a very limited amount of time, only six months. Finally, the Ladha Financials are dated December 15, 2008. Given the severe decline of the United States economy since the fourth quarter of 2008, I expect that Mr. Ladha's financial position has deteriorated over the past seven months.

13. Westminster Funds' assurance of future performance is further limited by the fact that Active Sports is a Florida limited liability company. Like Mr. Ladha, Active Sport may also find protection under the tenant friendly laws of Florida to avoid Westminster Funds' valid claims against them.

//

//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of July, 2009 at Riverside, California.

_____
CAROL SCOTT

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax